Philip C. Bourdette SBN 47492
Miriam Bourdette   SBN 151980
BOURDETTE & PARTNERS
2924 West Main Street
Visalia, CA 93291
(559) 625-8425
Fax (559) 625-8491
pcbb@bourdettelaw.com
mrbb@bourdettelaw.com
Attorneys for Plaintiffs

Simona A. Farrise SBN 171708
Leigh A. Kirmsse SBN# 161929
Farrise Firm PC
225 South Olive St., Ste 102
Los Angeles, CA 90012
310-424-3355
FAX 510-588-4536
sfarrise@farriselaw.com
lkirmsse@farriselaw.com
Attorneys for Plaintiffs

Sharon  J.Arkin SBN #154858
The Arkin Law Firm
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
(541) 469-2892
FAX: 866) 571-5676
sarkin@arkinlawfirm.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| 1 | NANCY WADDELL, | ) Case No.: 1:04-cv-06343-JRG-DLB |
| 2 | | ) |
| 3 | Plaintiff, | ) |
| 4 | vs. | ) |
| 5 | WYETH LLC, et al. | ) |
| 6 | Defendants. | ) |
| 7 | | |
| 8 | KAY UHALT and STEPHEN UHALT, | ) Case No.: 1:10-cv-02404-JRG-DLB |
| 9 | | ) |
| 10 | Plaintiffs, | ) |
| 11 | vs. | ) |
| 12 | WYETH LLC, et al. | ) |
| 13 | | ) |
| 14 | Defendants. | ) |
| 15 | | ) |
| 16 | DOROTHY SETSER and HOWARD SETSER, | ) Case No.: 1:10-cv-02405-JRG-DLB |
| 17 | | ) |
| 18 | Plaintiffs, | ) |
| 19 | vs. | ) |
| 20 | WYETH LLC, et al. | ) |
| 21 | Defendants | ) |
| 22 | | |
| 23 | | ) |
| 24 | CAROL HILL and LEONARD HILL | ) Case No.: 1:10-cv-02394-JRG-DLB |
| 25 | Plaintiffs, | ) |
| 26 | vs. | ) |
| 27 | WYETH LLC. et al | ) |
| 28 | Defendants. | ) |

| | |
|---|---|
| MARIANNE PHILLIPS and WILLIAM PHILLIPS,<br><br>   Plaintiffs,<br><br> vs.<br><br>WYETH LLC, et al.<br><br><br>   Defendants. | Case No.: 1:10-cv-02395-JRG-DLB |
| GLORIETTE MCPHERSON,<br><br>   Plaintiff,<br><br> vs.<br><br>WYETH LLC, et al.<br><br><br>   Defendants. | Case No.: 1:10-cv-02384-JRG-DLB |
| BETTY CRAVEN and GEORGE CRAVEN,<br><br><br>   Plaintiffs,<br><br> vs.<br><br>WYETH LLC, et al.<br><br><br>   Defendants. | Case No.: 1:10-cv-02382-JRG-DLB |
| SHIRLEY BOWLES and GERALD BOWLES,<br><br><br>   Plaintiffs,<br><br> vs.<br><br>WYETH LLC, et al.<br><br><br>   Defendants. | Case No.: 1:04-cv-06346-JRG-DLB |

| | |
|---|---|
| DONNA HAMES and MICHAEL HAMES | Case No.: 1:10-cv-02392-JRG-DLB |
| Plaintiffs, | |
| vs. | |
| WYETH LLC, et al. | |
| Defendants. | |
| VICTORIA POOLE and DELBERT POOLE | Case No.: 1:10-cv-02397-JRG-DLB |
| Plaintiffs, | |
| vs. | |
| WYETH LLC, et al. | |
| Defendants. | |

**ORDER RE MOTIONS TO MODIFY COURT'S SCHEDULING ORDERS**

On January 10, 2012, counsel filed in each of the above styled actions "Notice of Motion to Modify Scheduling Order, Declaration of Miriam Bourdette and (Proposed) Order." The court construes the notices as motions to modify scheduling orders.

On December 12, 2011, I issued an order that all counsel meet and confer regarding a Joint Scheduling Order for the remand group 2 cases. If counsel reached an agreement they were to submit the proposed scheduling order to the court no later than January 16, 2012. Counsel noted in the present motion that January 16, 2012, is Martin Luther King Day and the courts are closed. This fact has no bearing on the directive to the parties to file a joint scheduling order by that date. Filings can always be made via CM/ECF on a court holiday. Counsel further asserted they could not file the Joint Scheduling Order before that date

because the court would not have had time to consider this motion and rule on it. The first modification the parties seek, therefore, is to have an extension of time to prepare and file the Joint Scheduling Order so that the court could consider the other problems and suggestions. I hereby **GRANT** the motion on those grounds and **ORDER** the last day to file the proposed Joint Scheduling Order be continued to **January 23, 2012**.

Plaintiffs' counsel stated in the motion that they do not have the resources to try more than one case at a time, and prepare for the next, even with two firms engaged. They asserted that both firms are small firms and cannot hire or retain the many experienced trial lawyers that would be needed. Given that assertion, plaintiff's counsel requested that the trial dates for remand group 2 cases start after conclusion of the trial dates for remand group 1 and do not overlap.

Exhibit A, attached to the motion, included a table with proposed trial dates for all remanded cases. The trials still are limited to the 10 (ten) days the court ordered for each plaintiff and when possible start the day after the preceding trial, even when in the middle of the week. As to remand group 2 cases, the proposed schedule also took into account previously scheduled trials in the Northern District of California, San Jose Division before Judge Davila, as well as holidays occurring from October 2012 through April 2013. These include Veterans Day, Thanksgiving, Christmas, New Years, Martin Luther King Day and President's Day, on which the Courts are closed and Passover, which is on March 25–26, 2013.

Taking into account the holidays mentioned and previously scheduled trials before Judge Davila, trial dates for the above styled cases will proceed as follows:

- Waddell v. Wyeth, case number 1-04-cv-06343-JRG, trial dates October 22, 2012 – November 2, 2012;

- Uhalt v. Wyeth, case number 1-10-cv-02404-JRG, trial dates January 2, 2013- January 15, 2013;

- Setser v. Wyeth, case number 1-10-cv-02405JRG, trial dates January 16, 2013- January 30, 2013;

- Hill v. Wyeth, case number 1-10-cv-02394-JRG, trial dates January 31, 2013- February 13, 2013;

- Phillips v. Wyeth, case number 1-10-cv-02395-JRG, trial dates February 14, 2013 – February 28, 2013.

- McPherson v. Wyeth, case number 1-10-cv-02384-JRG, trial dates March 1, 2013 – March 14, 2013.

- Craven v. Wyeth, case number 1-10-cv-02382-JRG, trial dates March 15, 2013 – April 1, 2013.

- Bowles v. Wyeth, case number 1-04-cv-06346-JRG, trial dates April 2, 2013 – April 15, 2013.

- Hames v. Wyeth, case number 1-10-cv-02392-JRG, trial dates April 16, 2013 – April 29, 2013.

- Poole v. Wyeth, case number 1-10-cv-02397-JRG, trial dates April 30, 2013 – May 13, 2013.

The trials will be no longer than 10 (ten) working days.  After seven years of discovery and extensive experience trying these cases there should be no "unforeseen

interference" for which the parties cannot adjust.  If a case does not require the entire time allotted for trial after the evidence is complete, the next trial will start even if there is a deliberating jury in the preceding case.  If a case settles prior to trial, the next scheduled case will immediately move up and commence on the trial dates established for the settling case.  If any of the cases before Judge Davila in the Northern District of California, San Jose Division settle or the trial dates are condensed in any manner the next trial on the this schedule will be moved up accordingly.

**IT IS SO ORDERED:**


Dated: January 12, 2012

Joseph R. Goodwin, Chief Judge